IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| FRENCHIE G. HILLIARD, )<br>  )<br>  Petitioner, )<br>  )<br>v. )<br>  )<br>UNITED STATES OF AMERICA, )<br>  )<br>  Respondent. ) | CV 421-125<br>(Formerly CR 418-236) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at the United States Penitentiary in Jonesville, Virginia, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The motion is before the Court for initial review as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** as untimely and this civil action be **CLOSED**.

I.  **BACKGROUND**

On October 3, 2018, the grand jury in the Southern District of Georgia charged Petitioner with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). United States v. Hilliard, CR 418-236, doc. no. 1 (S.D. Ga. Oct. 3, 2018) (hereinafter "CR 418-236"). Represented by court-appointed counsel Amit Michael Navare, Petitioner pled guilty on February 7, 2019. Id., doc. nos. 7, 24-26. In exchange for the guilty plea, the government agreed to not object to a recommendation for a two-level reduction for

acceptance of responsibility and move for an additional one-level reduction under the Sentencing Guidelines if Petitioner's offense level was sixteen or greater prior to the acceptance of responsibility reduction. Id., doc. no. 26, p. 3.

Petitioner's plea agreement also included an appeal and collateral attack waiver that stated in relevant part:

> a.   Waiver of Appeal
>
> Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading is unconstitutional or that the admitted conduct does not fall within the scope of the statute).  The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing, or (3) the Government appeals the sentence.  Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.
>
> b.   Waiver of Collateral Attack
>
> Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.  The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

Id. at 6-7.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty, Criminal History Category at V, and Guideline imprisonment range at 180 to 188 months. PSI ¶¶ 25, 39, 63. In the criminal history computation section of the PSI, Petitioner was classified as an armed career criminal pursuant to U.S.S.G. §4B1.1(b). Id. ¶ 22. United States District Judge

R. Stan Baker sentenced Petitioner to 188 months imprisonment,[1] and the judgment was entered on May 8, 2019.  CR 418-236, doc. no. 35.

Petitioner filed a direct appeal to the Eleventh Circuit challenging his sentence on the same day, May 8, 2019.  See id., doc. no. 37.  The Eleventh Circuit affirmed the sentence on December 17, 2019.  Id., doc. no. 48.  Petitioner did not petition the United States Supreme Court for a writ of certiorari.

Petitioner signed his § 2255 motion on April 15, 2021, and the Clerk filed it on April 26, 2021.  (Doc. no. 1, pp. 1, 12.)  He alleges four grounds for relief in his petition.  Ground one alleges ineffective assistance of counsel for nine specific acts or omissions by counsel.  (Id. at pp. 5-11.)  Ground two alleges the indictment lacked an essential element and the District Court had no authority to accept it.  (Id. at 12-14.)  Ground three alleges Petitioner is actually innocent of violating 18 U.S.C. § 922(g)(1) because he did not know he belonged to a category of prohibited persons.  (Id. at 15.)  Ground four alleges government misconduct in issuing a defective indictment.  (Id. at 17.)

---

[1] Judge Baker ordered the sentence to be served both consecutively and concurrently with two state imprisonment terms:
> This sentence is imposed to run consecutively to any term of imprisonment imposed upon revocation of the defendant's state probation term as to Chatham County (Georgia) Superior Court, Docket Number CR142867, but concurrently with any term of imprisonment imposed for the state charges identified in Savannah (Georgia) Police Department, Case Number 180626081, related to the instant offense conduct.

CR 418-236, doc. no. 35, p. 2.

Even if the Court were to assume, for the sake of argument, the collateral attack waiver in Petitioner's plea agreement is not valid, Petitioner's current § 2255 motion is barred as untimely.

## II.    DISCUSSION

### A.    The Motion Is Untimely.

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Judgment entered in Petitioner's case on May 8, 2019.  CR 418-236, doc. no. 35.  However, because Petitioner filed a direct appeal, his one-year statute of limitations runs from ninety days after the Court of Appeals affirmed his sentence.  See Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002) ("[E]ven when a prisoner does not petition for certiorari, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90–day period for seeking certiorari.")  Contrary to Petitioner's arguments, the ninety days to seek certiorari starts when the Court of Appeals issues its judgment, not

4

when it issues its mandate. U.S. Sup. Ct. R. 13; see also Clay v. United States, 537 U.S. 522, 524-25 (2003) (holding the issuance of the appellate court mandate is not a triggering date for § 2255's one-year limitation period). Here, the Eleventh Circuit affirmed Petitioner's sentence on December 17, 2019, and consequently Petitioner's judgment of conviction became final ninety days later on March 16, 2020. See CR 418-236, doc. no. 48. Petitioner did not file his present motion until April 15, 2021.[2] (See doc. no. 1, p. 21.) Thus, Petitioner filed his § 2255 motion more than one-year after his conviction became final, and his motion is untimely.

    **B.**    **Petitioner Has Not Demonstrated He Is Entitled to Equitable Tolling or a Fundamental Miscarriage of Justice Has Occurred.**

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either

---

[2] Under Houston v. Lack, 487 U.S. 266, 276 (1988), Petitioner's motion is deemed filed on the date of delivery to prison officials for mailing. The Court construes the date of Petitioner's signature as the date of delivery to prison officials for mailing. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam).

extraordinary circumstances or diligence alone; the petitioner must establish both.  See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  McQuiggin v. Perkins, 569 U.S. 383, 391-92 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).  The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence."  Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), cert. denied, 133 S. Ct. 351 (2012).  As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category:  cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Petitioner does not argue any extraordinary circumstances prevented him from timely filing his motion but attributes any delay to his attorney's failure to inform him of the statute of limitations and related deadlines.  (Doc. no. 1, p. 20.)  Ignorance about the law is not a basis for equitable tolling under AEDPA.  Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013).  Further, while Petitioner does allege actual innocence in Ground Three of his petition, he has

not presented any evidence, much less new evidence, to suggest that he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Therefore, Petitioner is not eligible for equitable tolling.

### C. A Certificate of Appealability Should Not Issue

The Court also recommends denial of a certificate of appealability ("COA") and denial of *in forma pauperis* ("IFP") status on appeal. A federal prisoner must obtain a COA before appealing the denial of his motion to vacate. The District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Applying the COA standards, which are set forth in Roberson v. United States, 217-CV-002, 2018 WL 1746132, at *17 (S.D. Ga. Apr. 11, 2018), the Court discerns no COA-worthy issues regarding the instant § 2255 motion, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case . . . no appeal would be warranted."); see also Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed notice of appeal). Since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, IFP status on appeal should likewise be denied. 28 U.S.C. § 1915(a)(3).

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court finds Petitioner's motion is time-barred by the applicable one-year statute of limitations. Therefore, the Court **REPORTS** and **RECOMMENDS** the

§ 2255 motion be **DISMISSED** as untimely and this civil action be **CLOSED**. The Court further **RECOMMENDS** Petitioner be **DENIED** leave to appeal IFP and a COA.

SO REPORTED and RECOMMENDED this 14th day of December, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA