IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| FRENCHIE G. HILLIARD, | |
| Petitioner, | CIVIL ACTION NO.: 4:21-cv-125 |
| v. | (Formerly 4:18-cr-236) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**O R D E R**

After a careful and de novo review of the entire record, the Court concurs with the Magistrate Judge's December 14, 2021 Report and Recommendation, to which Petitioner filed Objections, (doc. 5). Petitioner does not dispute his petition is untimely but argues he is entitled to equitable tolling.

Petitioner states his attorney failed to tell him when his appeal was denied or explain the § 2255 process, and he only learned of his post-conviction options in April 2021. (Doc. 5, pp. 4, 14.) However, ignorance about the law is not a basis for equitable tolling under AEDPA. Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013). Additionally, the fact Petitioner is *pro se* does not excuse filing the present § 2255 motion after expiration of the one-year statute of limitations. Johnson v. United States, 544 U.S. 295, 311 (2005) ("[T]he Court has never accepted *pro se* representation alone . . . as an excuse for prolonged inattention when a statute's clear policy calls for promptness.")

Petitioner next argues his untimely filing has not prejudiced the government. (Doc. 5, pp. 10-11.) This is not a basis for equitable tolling or miscarriage of justice. See Rich v. Dep't

of Corr. State of Fla., 317 F. App'x 881, 883 (11th Cir. 2008) (rejecting Petitioner's argument to consider untimely petition due to lack of prejudice).

Petitioner last argues COVID-19 constitutes extraordinary circumstances, citing several cases from other Circuits in support. (Doc. 5, pp. 2, 4-6.) The Eleventh Circuit has held delays due to COVID-19 are not extraordinary circumstances for the purpose of equitable tolling if a prisoner cannot demonstrate his circumstances are different than that of other prisoners. See Rush v. Sec'y, Fla. Dep't of Corr., No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021). Petitioner has not demonstrated unique circumstances and in fact submitted an affidavit stating other prisoners faced the same restrictions. (Doc. 5, p. 13.) Further, Petitioner makes no arguments other than ignorance of the law to support his conclusion that he "acted with reasonable diligence" despite his circumstances. (Id. at 4, 7.) Vague or conclusory allegations are insufficient to satisfy Petitioner's burden to show how he acted with diligence. Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209-10 (11th Cir. 2014).

While Petitioner asks the Court to develop the factual record before dismissing his petition, (doc. 5, p. 4), the facts before the Court are clear: Petitioner admits he filed his petition more than thirty days after the AEDPA deadline and has not faced unique circumstances. Arguments otherwise would be "clearly baseless," so this Court will not issue a certificate of appealability as Petitioner requests, (id. at 10-11.) Roberson v. United States, 217-CV-002, 2018 WL 1746132, at *17 (S.D. Ga. Apr. 11, 2018).

Accordingly, the Court **OVERRULES** Petitioner's Objections, **ADOPTS** the Report and Recommendation, (doc. 3), as the opinion of the Court, and **DISMISSES** Petitioner's 28 U.S.C. § 2255 petition without prejudice.  Petitioner is also not entitled to a Certificate of Appealability, rendering moot any request for *in forma pauperis* status on appeal.  The Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 18th day of January, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA